**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELE ECHEVARRIA,** | : | **3:14cv1259** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

In the instant Social Security matter, Plaintiff Michele Echevarria (hereinafter "plaintiff") appeals the Defendant Commissioner of Social Security's (hereinafter "Commissioner") determination that she received an overpayment of disability benefits in the amount of $9,284.20 from December 1, 2006 through June 30, 2011. This matter is fully briefed and ripe for disposition.

**Background**

On November 24, 2009, the Commissioner awarded disability benefits to plaintiff, determining plaintiff had been disabled since December 8, 2005. (Doc. 6, Admin. R. (hereinafter "R.") at 37-44).[1] Specifically, plaintiff received back benefits in the amount of $21,570.00 from December 2006 through

---

[1] References to "R. at __" are to pages of the administrative record filed by the defendant as part of her Answer on August 28, 2014.

November 2009,[2] and starting in December 2009, plaintiff received a $924.00 monthly benefit.  (R. at 36).

In December 2010, plaintiff received a retroactive increase in her worker's compensation benefits effective June 26, 2008, which she reported to the Commissioner.  (R. at 45).  As such, the Commissioner lowered plaintiff's Social Security benefits from June 2008 through December 2010, resulting in an overpayment of Social Security benefits.  (Id.)

On July 24, 2011, seven months after the Commissioner recalculated plaintiff's benefits, the Commissioner determined the amount of plaintiff's overpayment.  (R. at 48-50).  Specifically, the Commissioner stated plaintiff received $36,277.90 from December 2006 through June 2011, however, the plaintiff should have received only $26,993.70, resulting in a $9,284.20 overpayment.[3]  (Id.)

Plaintiff disputed the overpayment amount and filed a request for a

---

[2]    In addition to receiving Social Security benefits, plaintiff also received worker's compensation benefits.  (R. at 39).  Because Social Security regulations preclude an individual from receiving more than 80% of her monthly average current earnings, the Commissioner reduced plaintiff's benefits from December 2006 through November 2009 to $528.90.  (Id.)

[3]  In October 2011, plaintiff entered into a repayment agreement with the Commissioner resulting in a $100.00 deduction from her monthly disability insurance benefits.  (R. at 76, 216-17).  As of June 18, 2012, plaintiff's overpayment balance totaled $7,757.70.  (R. at 15).

hearing before an administrative law judge (hereinafter "ALJ").  The ALJ held a hearing on June 19, 2012.  (R. at 127-139).  In a decision issued June 21, 2012, the ALJ determined the Commissioner overpaid benefits totaling $9,284.20, and the plaintiff is liable for the overpayment.  (R. at 14-16).

Plaintiff requested the Appeals Council review the ALJ's decision.  On May 7, 2014, the Appeals Council affirmed the ALJ's finding that plaintiff received an overpayment in the amount of $9,284.20 from December 2006 through July 2011.  (R. at 8-9).   As a result of the Appeals Council affirming the ALJ's overpayment decision, plaintiff filed an appeal in this court on June 30, 2014.[4]  The parties then briefed the issues bringing the appeal to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section

---

[4]  Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for Social Security disability benefits" is "adjudicated as an appeal."  L.R. 83.40.1.

3

405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has her principal place of business . . . .").

**Standard of Review**

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision.  See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  The United States Supreme Court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  The Third Circuit Court of Appeals explains that "substantial evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'"  Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

4

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion.  See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when an ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo, 383 U.S. at 620.

**Discussion**

Plaintiff acknowledges she received a retroactive increase in her worker's compensation benefits resulting in an overpayment of disability insurance benefits.  Plaintiff, however, contests the amount of the overpayment.  Specifically, plaintiff asserts substantial evidence fails to support the Commissioner's determination that she received an overpayment of disability insurance benefits totaling $9,284.20 from December 1, 2006

5

through June 30, 2011.  The Commissioner argues that its July 24, 2011

overpayment determination letter establishes substantial evidence of the

$9,284.20 amount.  After careful review, the court agrees with the plaintiff.

The Third Circuit Court of Appeals directs that "when the government

seeks to recover an alleged overpayment, it must demonstrate that the

claimant was not entitled to the Social Security funds."  <u>Cannuni on Behalf of</u>

<u>Cannuni v. Schweiker</u>, 740 F.2d 260, 263 (3d Cir. 1984).  In shor, the

Commissioner bears the burden of establishing both the fact and the amount

of the overpayment.  Here, plaintiff concedes the fact of the overpayment, that

is, plaintiff agrees an overpayment occurred.  As such, the sole issue for the

court to address is whether substantial evidence supports the amount of the

overpayment.

The Commissioner argues that its overpayment determination letter

establishes substantial evidence regarding the amount of the overpayment.

(R. at 48-50).  The Commissioner's conclusory assertion, however, is without

merit.  The Commissioner cites no authority, and our research has recovered

none, to support their contention.  Indeed, the only circuit court of appeals to

have addressed this issue requires the opposite conclusion.

The Ninth Circuit Court of Appeals assessed whether the

Commissioner's overpayment determination letter establishes substantial evidence pertaining to the amount of the overpayment in McCarthy v. Apfel, 221 F.3d 1119, 1126 (9th Cir. 2000). In McCarthy, the claimant challenged the Commissioner's determination of the amount that he was overpaid. Id. Similar to the instant case, the only document in the record that identified specific payments was the Commissioner's overpayment determination letter. The letter provided, in pertinent part, two columns illustrating payments. Id. The first column listed payments the claimant actually received. Id. The second column listed payments the claimant should have received. Id.

The Ninth Circuit held that when a claimant challenges the Commissioner's determination of the overpayment amount, the Commissioner "must present reliable evidence of the particular overpayments." Id. Specifically, "[t]he Commissioner's unsubstantiated belief that particular payments were made is not enough. The [overpayment determination] letter, standing alone, does not constitute substantial evidence of the amount of the overpayments." Id.

The court finds the Ninth Circuit's reasoning in McCarthy persuasive and concludes that the Commissioner's reliance upon its overpayment determination letter to justify the amount of plaintiff's overpayment, standing

alone, is not substantial evidence regarding the overpayment amount.

Furthermore, an examination of the Commissioner's overpayment determination letter establishes that it is inherently flawed. Specifically, the letter fails to indicate what amount plaintiff should have received in November 2007. (R. at 48). The letter simply skips over November 2007. Moreover, in December 2010, plaintiff received a retroactive increase in her worker's compensation benefits effective **June 26, 2008**. (R. at 45). The letter, however, appears to lower plaintiff's benefits from December 2006 through June 30, 2011–beginning eighteen (18) months before plaintiff received her retroactive increase in worker's compensation benefits. Accordingly, the court is left without an adequately developed record. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) (stating that ALJs have an affirmative duty to develop a full and fair record in Social Security cases). Because the record is not adequately developed, remand for further proceedings is appropriate. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

In short, a review of the entire record demonstrates that substantial evidence does not support the Commissioner's determination regarding the amount of plaintiff's overpayment. Because the record in its entirety does not provide substantial evidence to support the ALJ's determination, the court will

vacate the Commissioner's decision regarding the overpayment amount and remand the case for further proceedings pursuant to 42 U.S.C. § 405(g).[5]

 **Conclusion**

For the above-stated reasons, the court finds that substantial evidence does not support the Commissioner's decision.  Ergo, the court will vacate the Commissioner's decision and remand the case for further proceedings pursuant to 42 U.S.C. § 405(g).  An appropriate order follows.

Date:  **04/06/2015**                              **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

---

[5]  On remand, the ALJ may also consider a waiver of overpayment request if the plaintiff raises the issue.